IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:05-CR-230-1H
NO. 5:08-CV-157-H

STACSON MAURICE PAGE,

    Petitioner,

v.　　　　　　　　　　　　　　　　ORDER

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Petitioner has responded to the motion, and this matter is ripe for adjudication.

## BACKGROUND

Petitioner pled guilty, on November 7, 2005, pursuant to a signed memorandum of plea agreement, to possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On February 15, 2006, following the granting of the government's motion to reduce defendant's sentence pursuant to U.S.S.G. § 5k1.1, petitioner was sentenced by this court to a term of imprisonment of 192 months. Petitioner appealed to the Fourth Circuit, and the judgment was

affirmed on March 16, 2007. United States v. Page, 227 Fed. Appx. 233 (4th Cir. 2007). Now before the court is petitioner's timely motion to vacate pursuant to 28 U.S.C. § 2255.

## COURT'S DISCUSSION

Petitioner raises the following claims in his § 2255 motion: (1) that his attorney was ineffective by rendering faulty advice concerning the plea; (2) that the court erred by treating the Guidelines as mandatory; and (3) that the court erred in enhancing petitioner's sentence under U.S.S.G. § 4B1.1.

### I. Ineffective Assistance Concerning the Plea

Petitioner argues the following with respect to claim one in his memorandum in support of his § 2255 motion and his response to the motion to dismiss: Petitioner was charged with, and upon counsel's advice, pled guilty to count four of an indictment for knowingly carrying firearms during and in relation to a drug trafficking crime. At the arraignment on November 7, 2005, the government proffered that on December 21, 2004, petitioner transferred to his codefendant a "quantity of crack cocaine along with the firearms" in exchange for money. Petitioner informed his attorney that on the date of the offense there was only an exchange of firearms, not an exchange of drugs. He informed his attorney that he did not want to plead guilty because of the incorrect information the government gave the court. Petitioner further alleges that his guilty plea was

2

not knowing and voluntary because it was induced by counsel's faulty legal advice.

By order filed October 1, 2009, this court ordered the government to supplement its response to claim one of petitioner's § 2255 motion to address all aspects of petitioner's claim, including his claim of actual innocence pursuant to Watson v. United States, 128 S.Ct. 579 (2007). The government filed its supplemental response on October 16, 2009, and petitioner responded on November 9, 2009.

The government's supplemental response notes the following offense conduct, as summarized in the Presentence Report: Petitioner's co-defendant, Robert Newsome, owed petitioner $400 from four grams of crack cocaine that petitioner had fronted him earlier that month but which had not yet been repaid. At the same time, petitioner was in possession of two firearms that he had obtained in a previous transaction in exchange for crack cocaine. In partial satisfaction of the $400 debt, Newsome retrieved the two firearms from petitioner and, acting as intermediary, sold the firearms to a third party on petitioner's behalf. Newsome then returned the proceeds of the sale to petitioner in partial satisfaction of his drug debt. The government argues that this narrative provides a factual basis for finding that petitioner was using firearms as currency in furtherance of his drug dealing.

Watson holds only that "a person does not 'use' a firearm under 18 u.S.C. § 924(c)(1) when he receives it in trade for drugs." Watson 128 S.Ct. at 586. This decision is in contrast to an earlier decision in Smith v. United States, 113 S.Ct. 2050 (1993), in which the Supreme Court held that "a criminal who trades his firearms for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." Id. at 2060. Under these two cases, trading a firearm to obtain drugs constitutes use, but trading drugs to obtain a firearm does not.

The government notes that the facts of this case are more similar to Smith than to Watson, because here petitioner was the seller, not the purchaser of the two firearms at issue, and the proceeds were being applied to further his drug trafficking enterprise. Furthermore, in this case, petitioner was actually charged and pled guilty to an alternative theory of culpability under § 924(c); namely, that he "carried firearms . . . during and in relation to a drug trafficking crime . . ., and [/or] did possess said firearms in furtherance of such drug trafficking crime." [Indictment, Count Four.] The Fourth Circuit has upheld convictions under the possession prong where drug dealers used firearms as a medium of exchange in their trade, under the theory that the possession and consequent exchange of firearms for drugs or drug money ultimately facilitates more drug

4

transactions. See United States v. Woods, 271 Fed. Appx. 338, 346 (4th Cir. 2008); United States v. Boyd, 209 Fed. Appx. 285, 289-90 (4th Cir. 2006). Petitioner was a drug dealer who first received, possessed for a short time, and then ultimately sold the two firearms identified in the Indictment in exchange for drugs and/or money to be applied to his drug enterprise.

This court agrees with the government's argument and finds that Watson is distinguishable from the facts of petitioner's case. Having reviewed this matter closely, the court finds that petitioner's arguments in ground one are without merit. Petitioner cannot show that his attorney was ineffective or that his plea was not knowing and voluntary.

**II. Treatment of Guidelines as Mandatory**

Petitioner argues that the court committed a "non-constitutional Booker error" because by adopting the facts as stated in the Presentence Report ("PSR"), it treated the guidelines as mandatory. According to the terms of petitioner's plea agreement, he only reserved the right to challenge a sentence which exceeded the guideline range established at sentencing. (Mem. of Plea Agreement ¶ 2.c.) The advisory guideline established by this court was 262 to 327 months. Following a motion for downward departure, petitioner was sentenced to a term of imprisonment of 192 months, well below the guideline range. As a consequence, this claim is barred by

5

petitioner's appeal waiver.  See United States v. Blick, 408 F.3d 162 (4th Cir. 2005).

**III. Enhancement of Sentence pursuant to U.S.S.G. § 4B1.1**

Petitioner argues that the court erred in enhancing his sentence pursuant to U.S.S.G. § 4B1.1. The government notes that petitioner also waived his right to challenge his sentence since his sentence did not exceed the established guideline range. (Mem. of Plea Agreement ¶ 2.c.) He was fully informed by his PSR that he was classified as a career offender. (Presentence Report, ¶ 75.) Therefore, this claim is also barred by petitioner's appeal waiver. See Blick, 408 F.3d 162.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate is DISMISSED. The clerk is directed to close this case.

This 9th day of November 2010.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26